# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2025-0835
Lower Tribunal No. 2023-DR-001770

_____

JEROME EDWARD JOHNSON,

Appellant,

v.

STACY ANN BEE,

Appellee.

_____

Appeal from the Circuit Court for Collier County.
Russell T. Kirshy, Judge.

July 17, 2026

PER CURIAM.

AFFIRMED.

WOZNIAK and SMITH, JJ., concur.
PRATT, J., concurs with opinion.


_____


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED

_____

PRATT, J., concurring.

I fully concur in the majority's decision to per curiam affirm this appeal. I write separately to express my view that, even assuming arguendo the arguments presented by Appellant are preserved for appeal, Appellant still cannot show reversible error on the merits regarding the trial court's denial of Appellant's "motion to seal/request public records exemption" regarding a petition for injunction for protection against domestic violence. That's because Appellant fails to show that the domestic violence petition was dismissed for any reason having to do with *the sufficiency of the petition itself*—the sole statutory ground for exemption upon which all of Appellant's arguments hinge. *See* § 119.0714(1)(k)1., Fla. Stat. ("A petition, and the contents thereof, for an injunction for protection against domestic violence, repeat violence, dating violence, sexual violence, stalking, or cyberstalking that is dismissed without a hearing, dismissed at an ex parte hearing due to failure to state a claim or lack of jurisdiction, or dismissed for any reason having to do with the sufficiency of the petition itself without an injunction being issued on or after July 1, 2017, is exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution."). To the contrary, the record on appeal shows that although the petition was deemed by the trial court to be legally sufficient—as a hearing was held on the petition—the petition was ultimately dismissed by the trial court because insufficient evidence was presented at the hearing held on the petition. And when

section 119.0714(1)(k)1 is read in its proper context, it is clear that the phrase "dismissed for any reason having to do with the sufficiency of the petition itself" refers to *the legal sufficiency of the petition itself* rather than *the factual sufficiency of the evidence presented at a hearing* held on the petition.[1]

_____

Christopher D. Donovan, of Donovan Appellate Law, PLLC, Estero, for Appellant.

Cynthia B. Hall, of Silverio & Hall, P.A., Naples, for Appellee, and Stacy Ann Bee, Naples, pro se.

_____

[1] We need not address in this case any interplay between sections 119.0714(1)(k)1.-2., the former of which refers to petitions dismissed "on or after July 1, 2017" and the latter of which refers to petitions dismissed "before July 1, 2017."